Larry Miller (LM 8323)
GABRIEL KASZOVITZ, ESQ.
Attorneys for Defendants
125 State Street, Suite 107
Hackensack, New Jersey 07601
Tel:  (201) 807-1888
Fax: (201) 807-1727
Email: lmiller@fedkas.com
       and
FEDER KASZOVITZ LLP
845 Third Avenue, 11th Floor
New York, NY 10022
Tel:     (212) 888-8200
Fax:     (212) 888-8200
*Attorneys for Plaintiff DMG America, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

| | |
|---|---|
| DMG AMERICA, LLC | |
| Plaintiff, | **Civil Action No.** _____ |
| v. | |
| OMNI DENTAL SUPPLY, INC. and ROSEMOND DENTAL SUPPLY | |
| Defendants. | |

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

**COMPLAINT AND JURY DEMAND**

Plaintiff DMGA America, LLC ("DMGA" or "Plaintiff"), by its attorneys Feder Kaszovitz LLP, alleges the following as and for its Complaint against Omni Dental Supply, Inc. (Omni Dental) and Rosemond Dental Supply ("Rosemond Dental") (collectively, "Defendants"):

## NATURE OF ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

## THE PARTIES

2. DMGA is a limited liability company organized and existing under the laws of New Jersey having offices out at 242 South Dean Street, Englewood, NJ. DMGA America is the exclusive importer and distributor of LUXATEMP® patented temporary crown and bridge materials in the United States.

3. Upon information and belief, Omni Dental is a corporation organized and existing under the laws of the state of New York, with offices at 1412 Avenue M #2321, Brooklyn, New York, 11230.

4. Upon information and belief Omni Dental operates under various assumed names, including, but not limited to Rosemond Dental, Penn Dental, Abco Dental Supply, and Holiday Dental.

5. Upon information and belief, Rosemond Dental has offices at 50 Wallabout St. #118, Brooklyn, NY 11211.

## JURISDICTION AND VENUE

6. This Court has original and exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8. Upon information and belief, this Court has personal jurisdiction over the Defendants (i) Defendants do continuous and systematic business in New Jersey in this District; (ii) Defendants have transacted business in New Jersey and contracted to supply goods or services in New Jersey in connection with matters giving rise to this suit, including, without limitation, the sale, importation, and marketing of the Infringing Products at issue in this District; (iii) Defendant have committed infringing acts outside of New Jersey causing injury to DMGA in New Jersey and Defendants regularly do or solicit business in New Jersey, and/or derive substantial revenue from goods used or services rendered in New Jersey, and/or expect or reasonably should expect its infringing conduct to have consequences in New Jersey and derive substantial revenue from interstate commerce.

## BACKGROUND

9. DMGA is engaged, *inter alia*, in the import, marketing, distribution, and sale of dental products to retailers and distributors.

10. DMGA currently sells in the United States patented temporary crown and bridge dental materials under the mark LUXATEMP® (the "Luxatemp Products").

11. On December 27, 1994, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,376,691, which is entitled "AUTOMATICALLY ADMIXABLE MEDIUM FOR MAKING TEMPORARY CROWNS AND BRIDGES" ("the '691 Patent"). The '691 Patent is valid and subsisting and is entitled to a presumption of validity under 35 U.S.C. §282. A true and correct copy of the '691 Patent is attached as Exhibit A.

12. DMGA is the sole owner of the '691 Patent.

13. The Luxatemp products are a commercial embodiment of the '691 Patent.

14. Luxatemp Products sold by DMGA in the United States are marked "U.S. Patent No. 5,376,691".

15. Upon information and belief, Defendants have offered for sale, sold and/or imported into the United States Luxatemp Products without permission or license from Plaintiff (the "Infringing Products").

16. On or about September 10, 2009, DMGA notified Defendants of the rights conferred to DMGA by the '691 Patent and the infringement of these rights by the importation and offer for sale of Luxatemp products without permission or license from DMGA. By this letter, DMGA also demanded cessation of sale, offers for sale, importation and distribution of the Infringing Products and all similar products that infringe the '691 Patent. A true and correct copy of DMGA's letters of September 10, 2009, are attached as Exhibit B.

17. Upon information and belief, Defendants' commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States of the Infringing Products have continued and are continuing with knowledge of the '691 Patent, in spite of the fact that Defendants' actions constitute infringement of the '691 Patent. These commercial activities are, at a minimum, in reckless disregard of DMGA's rights under the '691 Patent. Such acts of infringement have therefore been intentional, deliberate and willful.

COUNT I

Patent Infringement By Defendants Of The '691 Patent

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint above as if each were fully set forth herein.

19. Defendants have infringed and are still infringing the '691 Patent by importing, selling and/or offering for sale the Infringing Products.

20. Defendant have actively induced others to infringe the '691 Patent by the sale, offer for sale, importation and/or use of the Infringing Products.

21. Defendants have sold, offered to sell or imported in or into the United States the Infringing Products knowing that they infringe the '691 Patent. Thus, Defendants are contributorily infringing the '691 Patent by their actions with regard to the Infringing Products.

22. Upon information and belief, Defendants had notice of the '691 Patent as early as approximately December 1994.

23. Upon information and belief, Defendants had actual notice of the '691 Patent at least as early as September 11, 2009.

24. This is an exceptional case within the provisions of 35 U.S.C. §285 and, accordingly, DMGA is entitled to an award of reasonable attorney's fees.

25. DMGA has suffered monetary damage as a result of Defendants' acts complained of herein, in an amount thus far not determined.

26. DMGA has no adequate remedy at law.

## PRAYER

**WHEREFORE, DMGA demands judgment as follows:**

A. A declaration by this Court that Defendants have infringed U.S. Patent No. 5,376,691 ("the '691 Patent") and that such infringement has been willful;

B. An injunction barring Defendants and their officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendants, from making, using, offering for sale, selling, and/or importing into the United States dental products that infringe the '691 Patent;

C. An injunction barring Defendants and their officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendants, be

enjoined from inducing infringement of the '691 Patent or contributorily infringing the '691 Patent;

      D.      An order that Defendants make available to DMGA for review, inspection, and copying all books, records (including but not limited to all hard drives on computers used for business purposes, including but not limited to servers, as well as all computer disks and back-up media) and all other documents concerning all transactions relating to the import, purchase, sale, or unauthorized distribution of products embodying the '691 patent and provide DMGA the names, addresses, and all other contact information in their possession for the source(s) of such products, including all manufacturers, distributors, and suppliers.

      E.      An order that Defendants recall from distributors, retailers, and all other recipients any and all Infringing Products distributed by Defendants and, upon recall, to deliver such goods to DMGA.

      F.      An order awarding damages adequate to compensate DMGA for Defendants' infringement of the '691 Patent, including DMGA's profits lost as a result of infringement of the '691 Patent, and enhancing such damages due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

      F.      An order requiring Defendants to deliver up for destruction all dental products in their possession, custody or control that infringe the '691 Patent;

      G.      A finding that this case is exceptional under 35 U.S.C. §285 and awarding DMGA its costs and attorneys' fees, pursuant to 35 U.S.C. §285; and

      H.      Such other and further relief as the Court deems just and equitable.

**Jury Demand**

DMGA hereby demands a trial by jury as to all issues so triable.

**CERTIFICATION PURSUANT TO L. CIV.R. 11.2**

Plaintiff, by its undersigned counsel, hereby certifies pursuant to L.CIV.R. 11.2 that the matters in controversy are not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

Dated:  March 22, 2010

Respectfully submitted,
By: ___/Larry Miller/_____
   Larry B. Miller (LM-8323)
GABRIEL KASZOVITZ, ESQ.
Attorneys for Defendants
125 State Street, Suite 107
Hackensack, New Jersey 07601
Email: lmiller@fedkas.com
      and
FEDER KASZOVITZ LLP
845 Third Avenue, 11th Floor
New York, NY 10022
Tel:   (212) 888-8200
Fax:   (212) 888-8200
*Attorneys for Plaintiff DMG America, LLC*