**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DMG AMERICA, LLC, | : | |
| | : | |
| Plaintiff, | : | **OPINION & ORDER** |
| | : | |
| v. | : | Civ. No. 10-1461 (WHW) |
| | : | |
| OMNI DENTAL SUPPLY, INC. and | : | |
| ROSEMOND DENTAL SUPPLY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>Walls, Senior District Judge</u>**

Plaintiff DMG America, LLC moves under Federal Rule of Civil Procedure 55(b)(2) for entry of default judgment against the defendants Omni Dental Supply, Inc. and Rosemond Dental Supply. Both defendants have failed to appear. DMG requests that the Court (1) declare valid its patent on LUXATEMP® dental products; (2) declare that the defendants infringed DMG's patent rights; (3) permanently enjoin the defendants from infringing DMG's patent rights; (4) compel the defendants to answer interrogatories related to their purchase and sale of LUXATEMP® products; (5) award damages, including prejudgment interest; and (6) award costs and attorneys fees.

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

DMG America, LLC imports, markets, distributes and sells dental products to retailers and distributors.  DMG is the sole owner of U.S. Patent No. 5,376,691,[1] which is for temporary crown and bridge dental materials.  DMG sells the materials under the trademark LUXATEMP®.

DMG alleges that the defendants—Omni Dental Supply, Inc. and Rosemond Dental Supply—have imported, offered for sale, and sold LUXATEMP® products without permission or license from DMG.  DMG wrote to the defendants in September 2009 to notify them that they were infringing DMG's patent rights and to demand that they stop selling LUXATEMP® products.  The defendants did not stop.

In March 2010, DMG sued the defendants for patent infringement.  DMG was unable to personally serve the defendants at their known addresses, so it served them by mail with permission of the magistrate judge.  The defendants have not appeared and the Clerk of the Court entered default on the docket against both defendants on September 7, 2010.  DMG alleges that the defendants continue to offer for sale infringing products.

## STANDARD OF REVIEW

When a defendant fails to appear, a district court is authorized to enter a default judgment based solely on the fact that the default has occurred.  *Anchorage Assocs. v. Virgin Is. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  When deciding a motion for default judgment, a court should accept as true the well-pleaded allegations of the complaint.  *Ramada Worldwide,*

---

[1] Although the patent itself does not list DMG America, LLC as the inventor or assignee of the patent and DMG has not provided any documents indicating that the patent was assigned to it, a search of the website of the United States Patent and Trademark Office shows that the patent was assigned to DMG America, LLC in June 2009.  *See* Patent Assignment Abstract of Title for U.S. Patent No. 5,376,691, *available at* http://assignments.uspto.gov/assignments/q?db=pat&pat=5376691.

NOT FOR PUBLICATION

*Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452, 2008 U.S. Dist. LEXIS 63600, at *13 (D.N.J. July 31, 2008); *Days Inn Worldwide, Inc. v. Mayu & Roshan, LLC*, Civ. No. 06-1581, 2007 U.S. Dist. LEXIS 41997, at *8 (D.N.J. June 8, 2007).  However, a court must make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law.  *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *11.  Moreover, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due, including calculation based on figures contained in documentary evidence or affidavits.  *Ramada*, 2008 U.S. Dist. LEXIS 63600, at *13-14; *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *15-17.

## DISCUSSION

### A.  Jurisdiction

Before entering a default judgment, "the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties."  *Acosta v. Nat'l Packaging, Inc.*, Civ. No. 09-701, 2010 U.S. Dist. LEXIS 75847, at *3 (D.N.J. July 28, 2010) (Brown, C.J.) (citation omitted).

The Court has federal question subject matter jurisdiction as this action is brought under the federal Patent Act.  *See* 28 U.S.C. § 1338(a).

Turning to personal jurisdiction, the Court must first examine whether the defendants were properly served.  *See Ramada Worldwide, Inc. v. Kim*, Civ. No. 09-4534, 2010 U.S. Dist. LEXIS 72211, at *5 (D.N.J. July 15, 2010).  Rule 4 of the Federal Rules of Civil Procedure states that a summons may be served upon an individual by "following state law for serving a

**NOT FOR PUBLICATION**

summons in an action brought in courts of general jurisdiction in the state where the district court

is located . . . ."  Fed. R. Civ. P. 4(e)(1).  The primary method of service under New Jersey law is

personal service.  N.J. Ct. R. 4:4-4(a).  But, when a plaintiff can demonstrate that "despite

diligent effort and inquiry personal service cannot be made," the plaintiff may serve the

defendant by mail.  N.J. Ct. R. 4:4-4(b).

       Here, the plaintiff served the defendants by certified mail following a diligent effort to

personally serve the defendants.  The plaintiff's process server had attempted personal service at

the addresses listed on the defendants' internet websites and correspondence.  Those addresses

turned out to be a warehouse and a postal store in which the defendants did not have offices.  The

plaintiff's attorney spoke by telephone to the president of one of the defendants (Omni Dental)

who declined to provide an alternative address for service of process.  Based on this, the plaintiff

requested and obtained permission from the magistrate judge to serve the defendants by mail.

The plaintiffs have demonstrated that their diligent efforts to personally serve the defendants

were futile and that service by mail was proper.

       Next is the issue of whether the Court has personal jurisdiction over the defendants.  The

defendants are corporations located in New York.  This Court is located in New Jersey and looks

to New Jersey law to determine whether it has jurisdiction over the defendants.  *Miller Yacht*

*Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).  New Jersey's long-arm statute provides for

jurisdiction coextensive with the due process requirements of the United States Constitution.  *Id.*

Parties who have constitutionally sufficient "minimum contacts" with New Jersey are subject to

suit here.  *Id.*

       The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state

defendant only where "the defendant purposefully avails itself of the privilege of conducting

4

**NOT FOR PUBLICATION**

activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted).

To prove that a defendant has purposefully availed itself of the forum state, a plaintiff may rely on a defendant's specific contacts with the forum state. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Personal jurisdiction based on such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984); *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984).

The plaintiffs have alleged sufficient facts to conclude that the defendants had minimum contacts in New Jersey related to the matters involved in this suit. The defendants sell DMG's patented products online. As DMG is a New Jersey company, defendants should have "reasonably anticipate[d] being haled into court" in New Jersey. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Furthermore, the plaintiff alleges that the defendants sold the infringing products in New Jersey. These sales constitute deliberate contact with New Jersey related to the plaintiff's cause of action. It follows that this Court has specific personal jurisdiction over the defendants. The Court turns to the merits of DMG's default judgment motion.

**B. Default Judgment**

The entry of a default judgment is largely a matter of judicial discretion. Though, that "discretion is not without limits," and there is a "preference that cases be disposed of on the

**NOT FOR PUBLICATION**

merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180, 1181 (3d Cir. 1984) (citations omitted).

Before granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct. *Days Inns*, 2007 U.S. Dist. LEXIS 41997, at *9.

Because the defendants have not appeared, the Court is not in a position to determine whether they have a meritorious defense or whether any delay is due to culpable misconduct. *See id*. As for prejudice to the plaintiff, if default is not entered, it will have "no other means of vindicating its claim against the defendants." *Id.* (citation omitted). Consequently, the factors weigh in favor of entry of a default judgment.

As noted earlier, "before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.*

DMG asks the Court to enter a default judgment declaring that its patent for LUXATEMP® products is valid and that the defendants wilfully infringed DMG's patent rights.

Patents are presumed valid and the burden of establishing invalidity of a patent rests on the party challenging its validity. 35 U.S.C. § 282. Because the defendants have not appeared and challenged the validity of the patent, it is presumed valid.

A valid patent is infringed when "without authority" a person "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States" the patented invention during the term of the patent. 35 U.S.C. § 271(a). DMG alleges that the defendants imported, offered for sale, and sold DMG's patented products. DMG did not

**NOT FOR PUBLICATION**

authorize the defendants to do so.  To support this, DMG submitted screenshots of the defendants' website with LUXATEMP® products listed for sale.  The Court concludes that the defendants infringed DMG's patent rights and that default judgment is appropriate.

### C.  Discovery and Damages

Under 35 U.S.C. § 284, upon finding that a claimant's patent has been infringed, "the court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  DMG is entitled to damages.  At this juncture, however, DMG is unsure of the extent of the defendants' infringement.  DMG has asked that it be permitted to conduct discovery to aid in the execution of judgment pursuant to Federal Rule of Civil Procedure 69(a)(2).  DMG has proposed six interrogatories for the defendants to answer, which are attached to its motion papers.  DMG's request for discovery is granted.  The Court reserves decision, pending the outcome of discovery, on damages and any costs, fees and prejudgment interest.  *See Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, Civ. No. 06-644, 2010 U.S. Dist. LEXIS 73189, at *9 (D. De. July 20, 2010)

### D.  Permanent Injunction

In addition to damages, DMG seeks a permanent injunction enjoining the defendants from, among other things, importing, purchasing, marketing, advertising, distributing, offering for sale, or selling LUXATEMP® products unless those products are acquired directly from DMG or an entity authorized by DMG.

#### a.  Legal Standard

**NOT FOR PUBLICATION**

The Patent Act provides the owner of a patent "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States." 35 U.S.C. § 154(a)(1). To protect these rights, a district court "*may* grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 (emphasis added). Before 2006, the Federal Circuit Court of Appeals applied a "general rule that courts will issue permanent injunctions against patent infringement absent exceptional circumstances." *MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323, 1339 (Fed Cir. 2005).

*eBay Inc. v. MercExchange, L.L.C.* overturned the Federal Circuit's rule. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). There the Supreme Court instructed that injunctive relief in patent cases, as in other cases, rests within a court's equitable discretion and must be based on an assessment of the traditional equitable factors governing injunctions. *Id.* at 391-93. That is, to be awarded a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *Id.* at 391.

**b.  Analysis**

DMG has failed to adequately demonstrate the first two prongs—irreparable harm and inadequate remedies at law. DMG asserts that the defendants have offered for sale the patented products despite the Clerk's entry of default in this lawsuit and DMG's demand that the defendants cease their activities. DMG reasons that if the defendants have not stopped by now,

**NOT FOR PUBLICATION**

they will not stop unless permanently enjoined.  DMG also notes that infringement by the

defendants nullifies DMG's right to exclude the defendants from selling its patented product.

DMG's argument is insufficient.  In *eBay*, the Supreme Court rejected the reasoning that

the "statutory right to exclude alone justifies . . . permanent injunctive relief."  *eBay*, 547 U.S. at

392.  DMG's simple recitation that the patent continues to be infringed despite entry of default

and that its right to exclude is nullified, does not meet the *eBay* standard.  DMG points to no

evidence of irreparable harm or why monetary damages would be inadequate.

After *eBay*, lower courts analyzing whether to grant permanent injunctions in patent

infringement cases "have frequently focused upon the nature of the competition between plaintiff

and defendant in the relevant market in the context of evaluating irreparable harm and the

adequacy of money damages."  *Robert Bosch, LLC v. Pylon Mfg. Corp.*, Civ. No. 08-542, 2010

U.S. Dist. LEXIS 116674, at *67 (D. Del. Nov. 3, 2010).  Plaintiffs succeed "under

circumstances in which the plaintiff practices its invention and is a direct market competitor . . .

[or] when their patented technology is at the core of its business, and/or where the market for the

patented technology is volatile or still developing."  *Id.* (listing cases); s*ee also Alcon, Inc. v.

Teva Pharms*. USA, Inc., Civ. No. 06-234, 2010 U.S. Dist. LEXIS 78987 (D. Del. Aug. 5, 2010)

("Alcon's sole argument in this respect is that any deprivation of its right to exclude others

constitutes irreparable harm to the monopoly granted by the '830 patent.  This argument is

unavailing.") (citing *eBay*).  The Federal Circuit's post-*eBay* cases confirm this.  *See, e.g., i4i

Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (upholding permanent

injunction based on evidence that the two parties were competitors and that the plaintiff lost

market share as the result of the infringing products); *Acumed LLC v. Stryker Corp.*, 551 F.3d

**NOT FOR PUBLICATION**

1323, 1328 (Fed. Cir. 2008) (upholding injunction where district court concluded that infringement caused the patentee irreparable harm not remediable by a reasonable royalty).

DMG has not defined the relevant market, nor has it explained how the nature of competition in its industry would lead to irreparable harm if the defendants are allowed to continue infringing DMG's patent.

Because DMG has not established the first two prongs required for a permanent injunction, the Court need not address the last two prongs (balance of hardships and public interest).  At this time, DMG's motion for a permanent injunction is denied.


**CONCLUSION**

**IT IS ORDERED** that plaintiff's motion for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a permanent injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants answer the interrogatories proposed by plaintiff in its motion papers within twenty days of entry of this Order.

The Court reserves decision, pending the outcome of discovery, on the amount of damages and the award of any costs, fees and prejudgment interest.


December 1, 2010

<u>**/s/ William H. Walls**</u>
United States Senior District Judge